<u>Exhibit</u>
Personal Jurisdiction Over Each Defendant

| No. | Platform | Shop Name | Fla. Stat. § 48.193(1)(a)(2) | Fed. R. Civ. P. 4(k) |
|---|---|---|---|---|
| 1 | TEMU | Amoin | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 2 | TEMU | AUNTGUGU | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information |

| | | | | and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 3 | TEMU | Boya boutique | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 4 | TEMU | Create Easy | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under |

| | | | | |
|---|---|---|---|---|
| | | | | Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 5 | TEMU | DavDoom | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 6 | TEMU | Five Sheep Trading | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and |

| | | | | |
|---|---|---|---|---|
| | | | | fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 7 | TEMU | Huifeng hardware to | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 8 | TEMU | HuimanJJ | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED,* | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) |

| | | | | |
|---|---|---|---|---|
| | | | *Inc.*, *Lovelady*, and *Mosseri*, supra. | assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 9 | TEMU | Je Te Veux | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 10 | TEMU | JUMON | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this |

| | | | | |
|---|---|---|---|---|
| | | | arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 11 | TEMU | JUNRY | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 12 | TEMU | MKROOL | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant |

| | | | act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 13 | TEMU | MKSOOL | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 14 | TEMU | MKTOOL | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website |

| | | | goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| --- | --- | --- | --- | --- |
| 15 | TEMU | MKVOOL | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |

| 16 | TEMU | Ponso Toy | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 17 | TEMU | profoundl | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction |

| | | | | is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 18 | TEMU | Protective coverProtective | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 19 | TEMU | Regulator | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject |

| | | | | to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 20 | TEMU | SEEKER Z | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 21 | TEMU | Shi Yuk | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single |

| | | | | identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 22 | TEMU | Stakink local | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 23 | TEMU | TODBM | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) |

| | | | | because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 24 | TEMU | Wymfzgyhz | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 25 | TEMU | Yilioe | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to |

| | | | | personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 26 | TEMU | ZLJ Shop | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 27 | Wal-Mart | BEST TO YOU | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal |

| | | | | jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 28 | Wal-Mart | Halons | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 29 | Wal-Mart | IRmm Co.ltd | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED,* | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises |

| | | | | |
|---|---|---|---|---|
| | | | *Inc.*, *Lovelady*, and *Mosseri*, supra. | out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 30 | Wal-Mart | Kiplyki | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 31 | Wal-Mart | MAVLLY | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its |

| | | | | |
|---|---|---|---|---|
| | | | purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 32 | Wal-Mart | QUNPIU | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 33 | Wal-Mart | SEMPAI Store | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached |

| | | | which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 34 | Wal-Mart | Slhenay | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 35 | Wal-Mart | VistaSphere | Defendant's website is accessible from this District and Defendant actually sold | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) |

| | | | | |
|---|---|---|---|---|
| | | | and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 36 | Wal-Mart | WeowiYief | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |

| 37 | Wal-Mart | XiaoH | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 38 | Wal-Mart | xinyingxin | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction |

| | | | | is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 39 | Wal-Mart | xitongfushi | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 40 | Wal-Mart | YI JIA NI | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject |

| | | | | to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 41 | Wal-Mart | Your Essentials INC | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 42 | Wal-Mart | Zeceouar | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single |

| | | | | identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 43 | AMAZON | Aentaoy | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 44 | AMAZON | AesthetimF | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) |

| | | | | because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 45 | AMAZON | andy wang | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 46 | AMAZON | anqingzhaolu 0114 | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to |

| | | | | personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 47 | AMAZON | Aominner | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 48 | AMAZON | A-yixian | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal |

| | | | | jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 49 | AMAZON | Benksaas | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 50 | AMAZON | Binqteah | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED,* | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises |

| | | | | |
|---|---|---|---|---|
| | | | *Inc.*, *Lovelady*, and *Mosseri*, supra. | out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 51 | AMAZON | Biz Select | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 52 | AMAZON | Bnuriout | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its |

| | | | | |
|---|---|---|---|---|
| | | | purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 53 | AMAZON | Breeze & Leaves | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 54 | AMAZON | Bviong | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached |

| | | | | |
|---|---|---|---|---|
| | | | which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 55 | AMAZON | CALACREN | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 56 | AMAZON | CCFUsuper | Defendant's website is accessible from this District and Defendant actually sold | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) |

| | | | | |
|---|---|---|---|---|
| | | | and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 57 | AMAZON | DerJingX | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |

| 58 | AMAZON | enshizhoulian liangbaihuoyo uxiangongsi | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 59 | AMAZON | EOESTLD | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction |

| | | | | |
|---|---|---|---|---|
| | | | | is consistent with the United States Constitution and laws. |
| 60 | AMAZON | FACAI$ | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 61 | AMAZON | frjzhenmi | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject |

| | | | | to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 62 | AMAZON | FUHOVILA GF | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 63 | AMAZON | funyas | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single |

| | | | | identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 64 | AMAZON | gavosy | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 65 | AMAZON | GlobexShop | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) |

| | | | | because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 66 | AMAZON | Graetion | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 67 | AMAZON | GuangBark | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to |

| | | | | |
|---|---|---|---|---|
| | | | | personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 68 | AMAZON | HEALT | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 69 | AMAZON | HMYSM | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal |

| | | | | jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 70 | AMAZON | HUALEI-V | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 71 | AMAZON | irterow | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED,* | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises |

| | | | | |
|---|---|---|---|---|
| | | | *Inc.*, *Lovelady*, and *Mosseri*, supra. | out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 72 | AMAZON | JINGshanzhud | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 73 | AMAZON | JinyAnMy | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its |

| | | | | |
|---|---|---|---|---|
| | | | purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 74 | AMAZON | Joy&Life CC | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 75 | AMAZON | JUDUNA | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached |

| | | | which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 76 | AMAZON | KABUDA | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 77 | AMAZON | kagyuas | Defendant's website is accessible from this District and Defendant actually sold | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) |

| | | | | |
|---|---|---|---|---|
| | | | and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 78 | AMAZON | Klaudio | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |

| | | | | |
|---|---|---|---|---|
| 79 | AMAZON | KOqwez33 | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 80 | AMAZON | Langeriy | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction |

| | | | | |
|---|---|---|---|---|
| | | | | is consistent with the United States Constitution and laws. |
| 81 | AMAZON | Leo Storeo | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 82 | AMAZON | Lightning Deals for Today Ympu | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject |

| | | | | to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 83 | AMAZON | Limen-Direct | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 84 | AMAZON | lingzhengchaoli | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single |

| | | | | identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 85 | AMAZON | LiuFJJMY | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 86 | AMAZON | LUFUBAFA NG | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) |

| | | | | because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 87 | AMAZON | Maipaidi | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 88 | AMAZON | Mankoshin | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to |

| | | | | |
|---|---|---|---|---|
| | | | | personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 89 | AMAZON | Masterroad | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 90 | AMAZON | MHhaeb | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal |

| | | | | jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 91 | AMAZON | mumukai | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 92 | AMAZON | Oulisen | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED,* | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises |

| | | | | |
|---|---|---|---|---|
| | | | *Inc.*, *Lovelady*, and *Mosseri*, supra. | out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 93 | AMAZON | Pet-Lover Store | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 94 | AMAZON | pipi direct | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its |

| | | | | |
|---|---|---|---|---|
| | | | purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 95 | AMAZON | Pownvtr | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 96 | AMAZON | Pugcry | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached |

| | | | | |
|---|---|---|---|---|
| | | | which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 97 | AMAZON | Qiaeour | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 98 | AMAZON | Qicai life-US | Defendant's website is accessible from this District and Defendant actually sold | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) |

| | | | and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 99 | AMAZON | QiSocd | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |

| 100 | AMAZON | QUPENG STORE | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 101 | AMAZON | Ruizieng | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction |

| | | | | is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 102 | AMAZON | Sdeycui(christmas gifts for men 2024) | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 103 | AMAZON | Seahuyy | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject |

| | | | | to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 104 | AMAZON | SENOY US (Fast Delivery 7 - 15 Days) | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 105 | AMAZON | Shang Zhicheng | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single |

| | | | | identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 106 | AMAZON | 4.9 ★★★★★(23 9) | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 107 | AMAZON | Shannon Wenha | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) |

| | | | | because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 108 | AMAZON | ShanXiRuiKe He | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 109 | AMAZON | shengyi shangmao | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to |

| | | | | |
|---|---|---|---|---|
| | | | | personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 110 | AMAZON | Si Peihong | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 111 | AMAZON | SUNSHINEY X | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal |

| | | | | jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 112 | AMAZON | Taiyuanbangs hangyunshan gmaoyouxian gongsi | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 113 | AMAZON | Talent_Star | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED,* | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises |

| | | | *Inc.*, *Lovelady*, and *Mosseri*, supra. | out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 114 | AMAZON | Tanomi | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 115 | AMAZON | Teamoda | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its |

| | | | | |
|---|---|---|---|---|
| | | | purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 116 | AMAZON | Theuzi | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 117 | AMAZON | tujiazheng | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached |

| | | | | |
|---|---|---|---|---|
| | | | which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 118 | AMAZON | Tuoetp | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 119 | AMAZON | Turongdianzi | Defendant's website is accessible from this District and Defendant actually sold | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) |

| | | | | |
|---|---|---|---|---|
| | | | and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 120 | AMAZON | Unicpet | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |

| 121 | AMAZON | Vadfanxa | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 122 | AMAZON | VESNIBA | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction |

| | | | | is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 123 | AMAZON | Wang Binhao | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 124 | AMAZON | Weimoli | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject |

| | | | | to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 125 | AMAZON | WngYuRic | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 126 | AMAZON | XieJY | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single |

| | | | | identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 127 | AMAZON | XINGHAIZE | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 128 | AMAZON | xuanenxianLongDongYanChengshangmaoyouxiangongsi | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) |

| | | | | because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 129 | AMAZON | yangqingxian | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 130 | AMAZON | Yaous shop | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to |

| | | | | personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 131 | AMAZON | Yaoxianliang | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 132 | AMAZON | YIfuly | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal |

| | | | | jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 133 | AMAZON | Yilia Direct(Fast Delivery 7 - 15 Days) | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 134 | AMAZON | yingqinshang | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED,* | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises |

| | | | | |
|---|---|---|---|---|
| | | | *Inc.*, *Lovelady*, and *Mosseri*, supra. | out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 135 | AMAZON | yong90 | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 136 | AMAZON | Young4us | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its |

| | | | | |
|---|---|---|---|---|
| | | | purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 137 | AMAZON | YPIngp | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 138 | AMAZON | yuahuie | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached |

| | | | | |
|---|---|---|---|---|
| | | | which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 139 | AMAZON | zilonou-US | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 140 | AMAZON | ZKEMENG | Defendant's website is accessible from this District and Defendant actually sold | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) |

| | | | and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 141 | AMAZON | Zuiali | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |

| | | | | |
|---|---|---|---|---|
| 142 | AMAZON | Zuiminq | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 143 | TEMU | ABC Household Goods | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction |

| | | | | is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 144 | TEMU | BITOWO | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 145 | TEMU | Daccc | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject |

| | | | | to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 146 | TEMU | GalaBoutique | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 147 | TEMU | LIUWWW | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single |

| | | | | identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 148 | TEMU | NancyLights | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 149 | TEMU | Pashuhou | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) |

| | | | | because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 150 | TEMU | SGIAWETA SUPERMAR KET | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 151 | TEMU | yadododo | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to |

| | | | | |
|---|---|---|---|---|
| | | | | personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 152 | TEMU | ZmhGarden | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 153 | Wal-Mart | Bocaoying | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal |

| | | | | jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 154 | Wal-Mart | Fiaya Women | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 155 | Wal-Mart | Sunyue CO. ltd | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED,* | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises |

| | | | *Inc.*, *Lovelady*, and *Mosseri*, supra. | out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 156 | Wal-Mart | NT-PRODUCT | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 157 | Wal-Mart | topjuju | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its |

| | | | purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 158 | Wal-Mart | yupinguang | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 159 | Amazon | AERXI | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached |

| | | | | |
|---|---|---|---|---|
| | | | which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 160 | Amazon | BH Body | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 161 | Amazon | D Linjia | Defendant's website is accessible from this District and Defendant actually sold | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) |

| | | | | |
|---|---|---|---|---|
| | | | and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 162 | Amazon | daydayupbro | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |

| 163 | Amazon | ESbinssAA | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| --- | --- | --- | --- | --- |
| 164 | Amazon | Establish Wen | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction |

| | | | | is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 165 | Amazon | FoxanDirect | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 166 | Amazon | Hakka-US | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject |

| | | | | to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 167 | Amazon | Gcle | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 168 | Amazon | hubeifeiershangmaoyouxiangongsi | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single |

| | | | | identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 169 | Amazon | Ji Zheng co.,ltd. | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 170 | Amazon | Joan Yue | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) |

| | | | | because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 171 | Amazon | MaiMao Direct | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 172 | Amazon | MCTechnolo gy | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to |

| | | | | personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 173 | Amazon | MecTo (Fast Delivery 7-12 Days) | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 174 | Amazon | Paopaogogo | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal |

| | | | | jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
|---|---|---|---|---|
| 175 | Amazon | PiuQiuPia | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 176 | Amazon | Priyaittal | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED,* | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises |

| | | | | |
|---|---|---|---|---|
| | | | *Inc.*, *Lovelady*, and *Mosseri*, supra. | out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 177 | Amazon | pujidaodxtybtx | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 178 | Amazon | Qshave | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its |

| | | | | |
|---|---|---|---|---|
| | | | purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 179 | Amazon | PUnlimited | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 180 | Amazon | ShenZhenShi YiPingMeng Xiang | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached |

| | | | | |
|---|---|---|---|---|
| | | | which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 181 | Amazon | WangNaiChao111 | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 182 | Amazon | Xieheng | Defendant's website is accessible from this District and Defendant actually sold | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) |

| | | | | |
|---|---|---|---|---|
| | | | and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 183 | Amazon | XINGAOKEJI | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |

| 184 | Amazon | YichangYunyunWangluoYouxianGongsi | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction is consistent with the United States Constitution and laws. |
| 185 | Amazon | 长沙市顿喜商贸有限公司 | Defendant's website is accessible from this District and Defendant actually sold and delivered infringing goods to this District, each of which constitutes a tortious act within the District for purposes of Florida's long arm statute. See *CreeLED, Inc.*, *Lovelady*, and *Mosseri*, supra. | Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because, based on website accessibility and the attached Exhibit 1, (1) Defendant purposefully directs its activities at residents of this District, (2) the claim arises out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. Alternatively subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, (1) every single identified Defendant is a Chinese company not subject to jurisdiction in any state's courts of general jurisdiction, and (2) exercising jurisdiction |

| | | | | is consistent with the United States Constitution and laws. |
|---|---|---|---|---|