UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-22175-DPG

WANQIANG CHEN,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.
_____/

### ORDER GRANTING EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's Renewed *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [ECF No. 19], filed under 17 U.S.C. §§ 502 and 203, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a), by Plaintiff, WANQIANG CHEN. Plaintiff asks the Court to enter a Temporary Restraining Order and an order restraining the financial accounts used by Defendants 1 – 26 and 143 – 152 on the Schedule A ("Defendants"). As discussed below, Plaintiff has satisfied the requirements for issuance of a temporary restraining order.

### BACKGROUND[1]

    1.    WANQIANG CHEN ("Chen") is Chinese resident who created the photograph entitled "Weed Removal Tool" (the "Work") and registered the Work with the Register of Copyright on April 18, 2024, Registration No. VAu 1-532-501 and the Register of Copyright on

---

[1] The following factual background is taken from Plaintiff's Complaint [ECF No. 1], the Application, and supporting evidentiary submissions and exhibits.

1

March 31, 2024, Registration No. VAu 1-530-978. (Chen Decl. ¶ 8,9; Exhibit 1 to the Complaint).

2. Plaintiff alleges that Defendants, through e-commerce stores operating via Internet marketplace platforms under their seller identification names identified on Schedule "A" (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing what Plaintiff has determined to be counterfeits, infringements, reproductions and/or derivatives of Plaintiff's copyrights at issue. (Chen Decl. ¶¶ 21, 22, 24; Composite Exhibit 1).

3. Defendants are not now, nor have they ever been authorized or licensed to use, reproduce, or make reproductions, or derivatives of Plaintiff's Copyrighted Work. (Chen Decl. ¶ 20).

4. Plaintiff hired an investigator to investigate the promotion and sale of infringing versions of Plaintiff's products by Defendants and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of infringing merchandise through the Seller IDs. (Chen Decl. ¶¶ 12, 13; Reiner Decl. ¶¶ 6, 7).

5. Plaintiff or someone under his supervision accessed the e-commerce stores operating under Defendants' Seller IDs. Plaintiff or someone under his supervision created detailed web page captures and images of the infringing products, offered for sale by Defendants, bearing or using unauthorized copies or derivatives of Plaintiff's Copyrighted Works. (Chen Decl. ¶¶ 15 – 18).

6. Plaintiff or someone under his supervision reviewed and visually inspected the detailed web page captures and images reflecting the Plaintiff's Copyrighted Works and determined the products were non-genuine, unauthorized versions or Plaintiff's Works. (Chen Decl. ¶ 21).

7. On July 14, 2025, Plaintiff filed his Amended Complaint [ECF No. 10] against 185

Defendants for willful copyright infringement and piracy. On October 9, 2025, the Court severed and dismissed Defendants 27 – 142 and 153 – 185 because the Amended Complaint did not sufficiently allege how these Defendant's acts of infringement "[arose] out of the same transaction, occurrence, or series of transactions or occurrences" of the remaining Defendant. Fed. R. Civ. P. 20(a)(2)(A). [ECF No. 15].

8.  On November 10, 2025, Plaintiff filed his Renewed *Ex Parte* Application for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. [ECF No. 19].

## LEGAL STANDARD

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo,* 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Additionally, Fed. R. Civ. P. Rule 65 provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party of its attorney on if:
>
> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

*Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary

3

to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

## DISCUSSION

Based on Declarations submitted in support of Plaintiff's Motion, the Court concludes that Plaintiff has a strong probability of proving at trial that Defendants advertise, promote, sell, offer for sale, or distribute goods bearing or using unauthorized reproductions or derivatives of the Copyrighted Works, and that the infringement of Plaintiff's copyrights will likely cause Plaintiff to suffer immediate and irreparable injury if a Preliminary Injunction is not granted.

The following specific facts, as set forth in Plaintiff's complaint, the Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *Ex Parte* relief is granted: a) Defendants own or control e-commerce stores via Internet marketplace platforms operating under their Seller IDs which advertise, promote, offer for sale, and sell products infringing Plaintiff's Works in violation of Plaintiff's rights; b) there is good cause to believe that more infringing products bearing Plaintiff's Works will appear in the marketplace, that consumers are likely to be misled, confused, or disappointed by the quality of these products, and that Plaintiff may suffer loss of sales for its genuine products; and c) there is good cause to believe that if Plaintiff proceeds to put Defendants on notice of this application, Defendants can easily and quickly transfer or modify e-commerce store registration data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of the Seller IDs, thereby thwarting Plaintiff's ability to obtain meaningful relief.

The potential harm to Defendants in restraining their trade in counterfeit and infringing

4

branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued. The public interest favors issuance of the temporary restraining order to protect Plaintiff's intellectual property interests and protect the public from being defrauded by the palming off of infringing goods as Plaintiff's genuine goods.

Pursuant to 17 U.S.C. § 504 (a)(1) and (b), Plaintiff may be entitled to recover, as an equitable remedy, the actual damages suffered as result of the infringement of the Works and any additional profits of the Defendants that are attributable to the infringement and are not taken into account in computing the actual damages or statutory damages pursuant to 17 U.S.C. § 504(a)(2) and (c).

In light of the likelihood that Defendants have violated copyright laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, the Court, having considered the Motion, and having found good cause, it is **ORDERED** that the Motion is **GRANTED** and a Temporary Restraining Order is entered as follows:

## TEMPORARY RESTRAINING ORDER

1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court from:

    a. manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using Plaintiff's copyright or substantially similar work, other than those manufactured or distributed by Plaintiff; and

b.  secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using Plaintiff's copyright or substantially similar work; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using Plaintiff's copyright or substantially similar work; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant; and

c.  copying, displaying, distributing, or creating derivative works of Plaintiff's copyright.

2.  Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Order, shall immediately discontinue, until further Order of this Court, the use of Plaintiff's copyright or substantially similar work, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs. This Order is limited to the Defendants' listings using Plaintiff's copyright or substantially similar work, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs, and does not apply to the Defendants' entire e-commerce stores.

3.  Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order, shall immediately discontinue, until further Order of this Court, the use of Plaintiff's

copyright or substantially similar work, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs.

4. Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

5. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

6. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to, Temu.com and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified on Schedule "A" to the Complaint, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

7. Upon receipt of notice of this Order, Defendants and all financial institutions,

payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the Defendants' listings that are alleged to infringe Plaintiff's copyrights; and (iv) the true identities along with complete contact information including email addresses of all Defendants.

8. No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

9. No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

10. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

11. This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of copying or using in any way Plaintiff's Copyright.

12. This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated by the parties.

**BOND TO BE POSTED**

13. Pursuant to 17 U.S.C. § 503 (a)(3) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court, and in the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

**PRELIMINARY INJUNCTION**

14. A Hearing is set before this Court at the Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 North Miami Avenue, Room 11-1, Miami, Florida 33128 on <u>December 22, 2025, at 1:00 PM</u>, at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction.

15. After Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiff shall serve copies of the complaint, application, and this Order, on each Defendant by e-mail and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under the Seller IDs, or by providing a copy of this Order by e-mail to the marketplace platform for each of the Seller IDs so that the marketplace platform, in turn, notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

16. Plaintiff shall post copies of the complaint, the application, this Order, as well as

all other documents filed in this action on the website located at the URL https://1drv.ms/f/c/a3666619a86dd55f/EnbWcrD1fe9AuEJ9fApc14IBB331e_DloJdXBna8vfCCiw?e=znqHde. and shall provide the address to the website to the Defendants via email/online contact form, and such notice so given shall be deemed good and sufficient service thereof.

17. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at URL https://1drv.ms/f/c/a3666619a86dd55f/EnbWcrD1fe9AuEJ9fApc14IBB331e_DloJdXBna8vfCCiw?e=znqHde., or by other means reasonably calculated to give notice which is permitted by the Court.

18. Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace websites and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with Defendants' respective Seller IDs.

19. Defendants shall have five (5) business days to comply with this Temporary Restraining Order following notice.

20. Any response or opposition to Plaintiff's motion for preliminary injunction must be filed and served on Plaintiff's counsel by December 16, 2025.

21. Plaintiff shall file any reply memorandum on or before December 19, 2025.

22. The above dates may be revised upon stipulation by all parties and approval of this Court.

23. Defendants are hereby on notice that failure to appear at the hearing may result in

the imposition of a preliminary injunction against them pursuant to 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of December 2025 at 2:30 p.m.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE